**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RICARDO TOLEDO, individually and as Special Administrator of the Estate of NICOLAS TOLEDO, deceased, PETRA TOLEDO, JOSEFINA TOLEDO, and ALEJO TOLEDO, <br><br> Plaintiffs, <br><br> v. <br><br> SMITH & WESSON BRANDS, INC., SMITH & WESSON SALES COMPANY, SMITH & WESSON, INC., BUDSGUNSHOP.COM, LLC, RED DOT ARMS, INC., ROBERT CRIMO, JR., and ROBERT CRIMO, III, <br><br> Defendants. | Case No. 1:22-cv-06191 <br><br> Hon. Thomas M. Durkin |

**SMITH & WESSON DEFENDANTS' UNOPPOSED MOTION TO EXTEND**
**TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Defendants Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, and Smith & Wesson, Inc. (collectively, "Smith & Wesson" or "Smith & Wesson Defendants"), pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), respectfully move the Court to extend time for Smith & Wesson to answer or otherwise respond to the Complaint. In support, Smith & Wesson states:

1.      Plaintiffs filed their Complaint in state court on September 27, 2022. ECF No. 1-2 at 7. Smith & Wesson was served on October 7, 2022. ECF No. 1-2 at 1. Smith & Wesson timely removed the case to this Court on November 7, 2022. ECF No. 1.  Smith & Wesson's deadline to

answer or otherwise respond to the Complaint is currently November 14, 2022. *See* Fed. R. Civ. P. 81(c)(2)(C). Plaintiffs' deadline to move to remand is December 7, 2022. *See* 28 U.S.C. § 1447(c).

2.      The Court may "for good cause" extend a deadline "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Court has "wide discretion" to grant such extensions. *Irorere v. United States*, 2002 WL 31688817, at *2 (N.D. Ill. Nov. 26, 2002). "[J]udicial efficiency may constitute 'good cause' for an extension of time." *White v. Marshall*, 2009 WL 230096, at *2 (E.D. Wisc. Jan. 30, 2009).

3.      Requiring Smith & Wesson to respond to the Complaint now would be wasteful and inefficient.  For example, if Smith & Wesson moves to dismiss, and the Court rules on the motion to dismiss but then remands the case back to the state court, this Court's ruling on the motion to dismiss would not bind the state court. Thus, it would waste the parties' and the Court's resources for the parties to litigate a motion to dismiss before the Court determines whether removal was proper. *See, e.g.*, *Blake v. Career Educ. Corp.*, 2008 WL 2699820, at *1 (E.D. Mo. July 2, 2008) (granting plaintiffs' motion to extend time to respond to defendant's motion to dismiss until after ruling on plaintiffs' motion to remand, agreeing that "it would be a waste of judicial resources . . . to rule on the pending motion to dismiss, as such a ruling would not be binding on the state court"); *Smith v. Raleigh Dist. of N.C. Conf. of United Methodist Church*, 1999 WL 1940001, at *1 (E.D.N.C. Feb. 16, 1999) (noting court had granted similar extension pending ruling on "plaintiffs' *anticipated* motion to remand") (emphasis added).

4.      Under 28 U.S.C. § 1447(c), Plaintiffs have 30 days after the filing of the notice of removal to move to remand the case "on the basis of any defect other than subject matter jurisdiction."

5.      Smith & Wesson accordingly requests that the Court extend the time for Smith & Wesson to answer or otherwise respond to the Complaint from November 14, 2022, to 21 days after the later of (1) December 7, 2022 (the deadline for Plaintiffs to move to remand under 28 U.S.C. 1447(c)) or (2) this Court's ruling on any such motion to remand that Plaintiffs file.

6.      Smith & Wesson's counsel conferred with Plaintiffs' counsel on November 10, 2022, who confirmed that they do not oppose the relief requested in this motion.

Wherefore, Smith & Wesson respectfully requests that the Court extend time for Smith & Wesson to answer or otherwise respond to the Complaint from November 14, 2022, to 21 days after the later of (1) December 7, 2022 or (2) this Court's ruling on any such motion to remand that Plaintiffs file.

Dated: November 10, 2022

Respectfully submitted,

By: */s/ Kenneth L. Schmetterer*

James Vogts
Andrew Lothson
Brett Henne
**Swanson, Martin & Bell, LLP**
330 North Wabash Street, Suite 3300
Chicago, Illinois 60611
T: (312) 222-8517
T: (312) 923-8274
T: (847) 949-0057
jvogts@smbtrials.com
alothson@smbtrials.com
bhenne@smbtrials.com

Edward S. Scheideman (pro hac vice forthcoming)
**DLA Piper LLP (US)**
500 Eighth Street NW
Washington, DC 20004
T: (202) 799-4534
F: (202) 799-5000
edward.scheideman@dlapiper.com

Kenneth L. Schmetterer
**DLA Piper LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606
T: (312) 368-2176
F: (312) 236-7516
kenneth.schmetterer@dlapiper.com

*Attorneys for Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, and Smith & Wesson, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record. I further certify that I caused a true and correct copy of the foregoing document to be served by electronic mail on the following counsel of record:

H. Christopher Boehning
Jeffrey J. Recher
Carly Lagrotteria
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
(mailing address)
Phone: (212) 373-3700
cboehning@paulweiss.com
jrecher@paulweiss.com
clagrotteria@paulweiss.com

Antonio M. Romanucci
Gina A. DeBoni
Robert S. Baizer
David A. Neiman
Michael E. Holden
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
Phone: (312) 458-1000
Fax: (312) 458-1004
arommanucci@rblaw.net
gad@rblaw.net
rbaizer@rblaw.net
dneiman@rblaw.net
mholden@rblaw.net

Krystan Hitchcock
Laura Keeley
**EVERYTOWN LAW**
450 Lexington Ave.
P.O Box # 4184
New York, NY 10017
(mailing address)
Phone: (646) 324-8218
khitchcock@everytown.org
lkeeley@everytown.org

Alla Lefkowitz
**EVERYTOWN LAW**
P.O Box # 14780
Washington D.C. 20044
(mailing address)
Phone: (202) 545-3257
alefkowitz@everytown.org

*Attorneys for Plaintiffs*

*/s/ Kenneth L. Schmetterer*
Kenneth L. Schmetterer